IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | |
| | : | |
| Plaintiff, | : | Case No. 2:23-CR-130(1) |
| | : | |
| v. | : | Judge Algenon L. Marbley |
| | : | |
| CAMERON NEWTON, | : | |
| | : | |
| Defendant. | : | |

## ORDER

This matter comes before this Court on the Government's Unopposed Motion to Correct Clerical Error in Judgment ("Motion"). (ECF No. 188). On May 2, 2025, this Court sentenced Defendant Cameron D. Newton for: (1) four counts of aiding and abetting aggravated robbery of mail, money, or other property of the United States; and (2) four counts of aiding and abetting the use and carrying of a firearm during and in relation to a crime of violence. (ECF Nos. 183; 184). The Judgment, entered on May 6, 2025, includes a sentence of 240 months and one day, 5 years supervised release, a $800 assessment, and a $7,073.06 restitution. (ECF No. 184 at 3, 5, 8). The restitution amount, however, did not reflect payments already made to one of the victims by the Ohio Attorney General Crime Victim Services Section. (ECF No. 188 at 1). The Government explains that it was "an apparent clerical error" that was "attributable to" the Government. (*Id*.). It now requests a clerical correction to the Judgment entry. (*Id*.).

Under Federal Rule of Criminal Procedure 36, "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." Fed. R. Crim. P. 36. Generally, "'[a] clerical error must not be one of judgment or even of misidentification, but merely of recitation, of the sort that a clerk or amanuensis might commit, mechanical in nature.

Rule 36 has been consistently interpreted as dealing only with clerical errors, not with mistakes or omissions by the court.'" *Clemmons v. United States*, 376 F. App'x 507, 511 (6th Cir. 2010) (quoting *United States v. Penson,* 526 F.3d 331, 335 (6th Cir.2008)). Courts have found that this rule allows for the correction of "errors with respect to restitution awards included in a criminal judgment so long as the Court does not make the defendant's sentence 'more onerous.'" *United States v. Strobl*, No. 2:18-CR-218, 2023 WL 5505794, at *1 (S.D. Ohio Aug. 25, 2023) (quoting *United States v. Portillo*, 363 F.3d 1161, 1165 (11th Cir. 2004)).

The correction requested here is covered by Rule 36. The Government seeks a correction that will reduce the restitution award for one victim, J.H., from $750.00 to $423.00, and include a restitution award made payable to the Ohio Attorney General Crime Victim Services Section in the amount of $327.00. (ECF No. 188 at 2). This would "make that office whole for payments it already made to J.H." (*Id*.). This correction does not change the total amount of restitution owed. The Government also represents it conferred with Defendant who concurs in this request.

Accordingly, the Government's motion (ECF No. 188) is **GRANTED.** The Criminal Monetary Penalties section of the Judgment (ECF No. 184 at 8) is hereby **CORRECTED** to reflect the following payees and amounts:

| | |
|---|---|
| J.H. | $423.00 |
| B.F. | $6,323.06 |
| Ohio Attorney General (Claim #V24-12573) Crime Victim Services Section, made payable to Treasurer, State of Ohio, 30 East Broad Street, 23rd Floor, Columbus, Ohio 43215 | $327.00 |

All other terms and conditions of the Judgment will remain the same.

**IT IS SO ORDERED.**

_____
**ALGENON L. MARBLEY
UNITED STATES DISTRICT JUDGE**

**DATED:  May 23, 2025**